## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **NINA S. BOYD,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 06-2115 CM |
| ) | |
| **U.S. BANK NATIONAL ASSOCIATION,** ) | |
| ) | |
| **Defendant.** ) | |

### PROTECTIVE ORDER

Pursuant to the Scheduling Order, dated July 17, 2006, and Federal Rule of Civil Procedure 26(c), **IT IS HEREBY ORDERED** as follows:

1. The purpose of this Order and agreement is to permit discovery and trial preparation to proceed with a minimum of discovery motions over matters of confidentiality with respect to policy manuals and other proprietary information described hereafter.

2. This Order governs the handling of all documents, testimony and information produced, given or filed herein by U.S. Bank National Association (the "Bank") and designated or considered "CONFIDENTIAL" under this order.

3. The Bank may designate as "CONFIDENTIAL" any Bank policy manuals or other proprietary information.

4. Confidential material shall only be disclosed to the following persons, who shall use the material for the purpose of this litigation and for no other purpose or for no other litigation whatsoever except as otherwise permitted by this Order:

   a. Counsel for any party to the litigation and their associates, paralegal, clerical or service support staff;

    b. The parties to this litigation, experts or consultants retained by a party to this litigation including the directors, employees, associates and/or support staff of each of the foregoing;

    c. The Court, its personnel and court reporters.

 Provided, however, that nothing in this Order shall be construed to limit the use of confidential information by the party designating the information as "Confidential."

 5. Before Confidential material is disclosed, the person to whom disclosure is to be made shall be given a copy of this Protective Order and shall be instructed that confidential material shall not be disclosed beyond the limits set forth in this Order, and that the use of Confidential material is limited to this litigation only.

 6. Confidential material shall not be publicly disseminated and shall not be disclosed, or the contents divulged, to any person who is not described in Paragraph 4.

 7. Confidential material may be included in affidavits, statements, and responses to interrogatories or requests for admissions prepared in connection with this litigation, provided that the party including Confidential material places the Confidential legend on the front of any such document and, if and when such document is filed with the Court, files the document under seal.

 8. When Confidential material is utilized in the course of a deposition, any party may designate as Confidential the portion of the transcript (including exhibits) that contains or refers to Confidential material with a statement to such effect on the record in the course of the deposition. If during the course of the deposition no party designates as Confidential the portion of the transcript and exhibits containing or referring to Confidential material, counsel for a party shall be permitted in good faith to designate as Confidential those portion of the transcript and

exhibits containing Confidential material within fifteen (15) days following receipt of the transcript of such deposition. Until such time, all parties shall treat the entire deposition as Confidential. If portions of the transcript or exhibits are designated as Confidential, the Confidential legend shall be placed on the original and each copy of the transcript identifying the pages of the deposition so designated as Confidential. If a transcript or a portion of a transcript containing Confidential material is filed with the Court, it shall be filed under seal and shall bear the Confidential legend as described above. If all or part of a videotaped deposition is designated as confidential, the videocassette or other videotape container shall be labeled with the Confidential legend.

9. If a Party wishes to submit or file under seal any motions, pleadings, affidavits, deposition transcripts, briefs, or other documents that contain, reproduce, quote, or otherwise reveal Confidential information, the Party must first file a motion with the Court and be granted leave to file the documents containing Confidential information under seal. If leave is granted to file the documents under seal, they shall be filed in a sealed envelope marked on the outside with the title of the action, an identification of each document or other item within, and a statement substantially in the following form:

> CONFIDENTIAL, SUBJECT TO PROTECTIVE ORDER. THIS ENVELOPE, CONTAINING THE ABOVE-IDENTIFIED PAPERS FILED BY [NAME OF THE FILING PARTY], IS NOT TO BE OPENED NOR THE CONTENTS THEREOF DISPLAYED TO ANYONE OTHER THAN THE COURT AND ITS STAFF, OTHER THAN BY COURT ORDER OR AGREEMENT OF THE PARTIES.

If the leave is granted to file the Confidential documents under seal then the Clerk of the Court shall maintain under seal all such Confidential documents, information or

testimony, which shall be made available only to the Court, its staff, or to counsel for the Parties in this action until further order by the Court.

10. If any party to this litigation disputes the designation of any material as Confidential, the parties shall attempt to resolve by agreement the question whether or on what terms the document is entitled to confidential treatment. If the parties are unable to agree as to whether the material is properly designated as Confidential, counsel for the party objecting to the designation may file an appropriate motion with the Court or any Magistrate Judge designated by the Court, seeking an order determining that the party seeking confidentiality is not entitled to treat the material as Confidential. The burden rests upon the party seeking confidentiality to demonstrate that such designation is proper. Until a resolution of the dispute is achieved either through consent or court order, all parties shall treat the designated material as Confidential.

11. This Order shall survive the termination of this litigation and shall continue in full force and effect thereafter. Confidential material shall be returned to the producer or destroyed within ninety (90) days after a court order finally terminating this litigation. Upon request, each party shall provide the producing party with a declaration certifying that all documents required to be returned or destroyed pursuant to the provisions of this paragraph have been returned or destroyed.

12. The protections of this Order shall be available to documents produced by non-parties to whom discovery has been directed in this litigation.

13. This Order is without prejudice to the right of either party to challenge the propriety of discovery.

14. The parties reserve the right to seek further protective orders in this litigation and this Order may be modified or amended by order of the Court for good cause shown or by agreement of the parties.

15. From the time this Protective Order is executed by the parties until such time as it has been signed by the Court, it shall be effective as an agreement among the Parties.

**IT IS SO ORDERED.**

Dated this 25th day of July, 2006, at Topeka, Kansas

<u>s/K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge